# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE L. WOODS,<br>CDCR # C-46083<br><br>Plaintiff,<br><br>vs.<br><br>ROMERO; LARRY LYLE; A. CANLAS;<br>N. RIDGE; WILLIAM MOSELY;<br>RUSSELL; D. McCARTHY;<br>PANGRANUYEN; F. SEDIGHI;<br>CALIFORNIA DEP'T OF CORRECTIONS<br>AND REHABILITATION MEDICAL<br>DEPARTMENT,<br><br>Defendants. | Civil No. 10cv1562 WQH (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM PRISONER TRUST ACCOUNT [Doc. No. 2];**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 3]**<br><br>**AND**<br><br>**(3) DISMISSING ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C.

§ 1915(a) [Doc. No. 2], along with a Motion for Appointment of Counsel [Doc. No. 3]

## I.

### MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 3]

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## II.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

///

1  The Court finds that Plaintiff has submitted a certified copy of his trust account statement
2 pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIV. L.R. 3.2. Plaintiff's trust account
3 statement shows that he has insufficient funds from which to pay an initial partial filing fee.

4  Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and
5 assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further
6 orders the Secretary of the California Department of Corrections and Rehabilitation to garnish
7 the entire $350 balance of the filing fees owed in this case, collect and forward them to the
8 Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. §
9 1915(b)(1).

## III.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

12  The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also
13 obligate the Court to review complaints filed by all persons proceeding IFP and by those, like
14 Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or
15 adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,
16 probation, pretrial release, or diversionary program," "as soon as practicable after docketing."
17 *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua
18 sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof,
19 which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who
20 are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-
21 27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir.
22 2000) (§ 1915A).

23  Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte
24 dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28
25 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit
26 make and rule on its own motion to dismiss before directing that the Complaint be served by the
27 U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits,
28 but requires a district court to dismiss an in forma pauperis complaint that fails to state a

claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194. Here, however, even presuming Plaintiff's factual allegations true, the Court finds his Complaint both fails to state a claim upon which relief can be granted and seeks monetary relief from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### A. Statute of Limitations

Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing CAL. CIV. PROC. CODE § 335.1). The two-years limitations period, however, does not apply retroactively. *Canatella v. Van de Kamp*, 486 F.3d 1128, 1132-22 (9th Cir. 2007) (citing *Maldonado*, 370 F.3d at 955).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989) (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955 ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." ).

///

Here, Plaintiff claims that many of the Defendants violated his rights when he was first incarcerated in 1996 by failing to provide adequate medical care. Plaintiff then discusses a number of time periods that he was released on parole but subsequently his parole was revoked. Based on the allegations contained in his Complaint, Plaintiff would have reason to believe that his constitutional rights were violated beginning in 1996. *Wallace*, 549 U.S. at 391.; *see also Maldonado*, 370 F.3d at 955. However, Plaintiff did not file his Complaint in this case until July 23, 2010, which exceeds California's statute of limitation. *See* CAL. CODE CIV. PROC. § 335.1; *Jones*, 393 F.3d at 927.

Plaintiff does not allege any facts to suggest how or why California's two-year statute of limitations might be tolled for a period of time which would make his claims timely. *See*, *e.g.*, CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL. CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January 1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the statute would result in a "manifest injustice."). There appear to be a number of occasions from 1996 to 2009 when Plaintiff was at times incarcerated and at other times, Plaintiff was on parole. Thus, it is not clear whether those claims that arose prior to 2008 would be entitled to statutory tolling.

Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914. Under California law, however, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916. Here, however, Plaintiff has failed to plead any facts which, if proved, would support the equitable tolling of his claims. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993). Thus, Plaintiff's entire action must be dismissed as barred by the statute of limitations.

### B. Eighth Amendment claims

Plaintiff alleges that he has been denied adequate medical care since he first became incarcerated in November of 1996. "The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1056-57 (9th Cir. 2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs. *Id.*; *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

To allege an Eighth Amendment violation, a prisoner must "satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, he must allege that prison officials deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, he must allege the prison official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted).

A prison official acts with "deliberate indifference ... only if [he is alleged to] know[] of and disregard[] an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). Under this standard, the official must be alleged to "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and must also be alleged to also have drawn that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Farmer*, 511 U.S. at 839. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

/ / /

/ / /

      Here, Plaintiff alleges that he has a number of medical issues including "testicular cysts, neuropathy secondary to hypertension and diabetes, asthma and seizure disorder." (Compl. at 8.) Plaintiff alleges that an unnamed doctor had recommended surgery for his condition while all the subsequent prison doctors who are named as Defendants told Plaintiff that his condition could be treated with antibiotics. (*Id.* at 8-13.)

      A mere "difference of medical opinion" between a prisoner and his physicians concerning the appropriate course of treatment is "insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Instead, to allege deliberate indifference regarding choices between alternative courses of treatment, a prisoner must allege that the chosen course of treatment "was medically unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." *Id.* (citation omitted). Plaintiff has failed to allege any facts from which the Court could find that Defendants acted with deliberate indifference to his serious medical needs.

      Accordingly, the Court finds that Plaintiff's entire Complaint must be dismissed sua sponte as barred by the applicable statute of limitations and for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

## IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

    1.    Plaintiff's Motion for Appointment of Counsel [Doc. No. 3] is **DENIED** without prejudice.

    2.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

    3.    The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

1 each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).
2 ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
3 ASSIGNED TO THIS ACTION.

4     4. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,
5 Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,
6 Sacramento, California 95814.

7     **IT IS FURTHER ORDERED** that:

8     5. Plaintiff's Complaint is **DISMISSED** for as barred by the applicable statute of
9 limitations and for failing to state a claim upon which relief could be granted. *See* 28 U.S.C.
10 §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from
11 the date this Order is "Filed" in which to file a First Amended Complaint which cures all the
12 deficiencies of pleading noted above. Plaintiff's First Amended Complaint must be complete
13 in itself without reference to the superseded pleading. *See* S.D. CAL. CIV. L.R. 15.1. Defendants
14 not named and all claims not re-alleged in the First Amended Complaint will be deemed to have
15 been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

16     Further, if Plaintiff's First Amended Complaint still fails to state a claim upon which
17 relief may be granted, it may be dismissed without further leave to amend and may hereafter
18 be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-
19 79 (9th Cir. 1996).

20     6. The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.
21 DATED: September 30, 2010

*[signature: William Q. Hayes]*

**WILLIAM Q. HAYES**
United States District Judge